IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DAVID R. PETE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES ATTORNEY GENERAL, and UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF TEXAS,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 1:25-CV-00068-MJT<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff David R. Pete, proceeding *pro se* and *in forma pauperis*, alleges that Defendants violated his federal rights under 26 U.S.C. § 6103, 18 U.S.C. § 1030, and 5 U.S.C. § 552a. [Dkts. 6; 11]. The District Court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On June 12, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 12] advising the Court to dismiss this case without prejudice because Pete failed to establish Article III standing and to deny Pete leave to amend his complaint for the same reason. As Pete's *in forma pauperis* complaint failed to establish standing to sue, Judge Stetson also recommended that the Court advise Pete that filing frivolous lawsuits could result in a denial of his ability to proceed *in forma pauperis*, him being declared a vexatious litigant in this district and subjected to an order

prohibiting him from filing lawsuits in this district without first obtaining permission from a district court, or both. On June 13, 2025, Pete filed timely objections [Dkt. 14] to the Report and Recommendation [Dkt. 12].

I.   **Plaintiff David R. Pete's Objections [Dkt. 14] to the Report and Recommendation [Dkt. 12] are Overruled**

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Judge Stetson found that Pete merely asserted generalized grievances against the federal government, resulting in his failure to establish standing to sue and vest the Court with subject matter jurisdiction. [Dkt. 12 at 11]. Pursuant to Rule 12(h)(3), Judge Stetson recommended a *sua sponte* dismissal without prejudice for a lack of subject matter jurisdiction. *Id.* Pete does not address Judge Stetson's finding that he lacks standing; instead, he erringly argues that Judge Stetson concluded "that 28 U.S.C. §§ 1331 and 1343 do not provide jurisdiction," "that Defendants enjoy absolute immunity," and "that venue is improper under 28 U.S.C. § 1391(e)." [Dkt. 14 at 1–2]. None of this is true. *See* [Dkt. 12]. After careful review, the Court concurs with Judge Stetson that a liberal reading of Pete's amended complaint [Dkts. 6; 11] does not reveal "a concrete

2

and particularized injury," as required to establish Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The Court is therefore without jurisdiction over this case, and Judge Stetson's unobjected-to finding that Pete should be denied leave to amend also comports with prevailing law for this reason. The Court also notes that Pete does not object to the recommendation that he be warned about the possible consequences of filing frivolous lawsuits. *See* [Dkt. 14].

## II.  Order

The court has conducted a *de novo* review of Plaintiff David R. Pete's objections [Dkt. 14] consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff David R. Pete's objections [Dkt. 14] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 12] is ADOPTED.

Pursuant to Rule 12(h)(3), Plaintiff David R. Pete's claims are DISMISSED WITHOUT PREJUDICE and he is DENIED leave to amend. Plaintiff David R. Pete is WARNED that filing frivolous lawsuits could result in a denial of his ability to proceed *in forma pauperis*, him being declared a vexatious litigant in this district and subjected to an order prohibiting him from filing lawsuits in this district without first obtaining permission from a district court, or both.

**SIGNED this 17th day of June, 2025.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge