FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

JUN 20 2025

DAVID R. PETE,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE, et al.,
Defendants.

BY
DEPUTY

Case No. 1:25-cv-00068

REFILING AND MOTION TO VACATE FINAL JUDGMENT, REINSTATE ALL CLAIMS
AND MOTIONS, AND DELETE "FRIVOLOUS" REMARK

Date: June 19, 2025
Time: __ a.m.
Courtroom: __ (Hon. __)

- CAPTION AND PROCEDURAL HISTORY
  • Plaintiff David R. Pete filed his original complaint on January 15, 2025, in this Court's
  Beaumont Division, alleging wrongful denial of the first Economic Impact Payment
  ("EIP") under the CARES Act, violations of due process and equal protection, and
  unlawful withholding of records under FOIA (5 U.S.C. § 552).
  • Plaintiff moved for summary judgment on March 1, 2025 (Dkt. No. 18).
  • On May 10, 2025, the Court granted Defendants' motion, denied Plaintiff's, dismissed
  all motions and claims as moot, and inserted a statement warning Plaintiff against
  "frivolous lawsuits" (Dkt. No. 28).
  • Final judgment entered May 15, 2025.

- STATEMENT OF JURISDICTION AND VENUE
  • Subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), § 1346(a)(2)
  (United States as defendant), and 5 U.S.C. § 702 (APA).
  • Venue is proper in the Beaumont Division of the Eastern District of Texas under 28
  U.S.C. § 1391(e) because Defendants are officers or agencies of the United States and a
  substantial part of the events giving rise to the claims occurred in this district. Local Rule
  CV-83.1 further confirms this Division for matters arising in Jefferson County, including
  the Federal Correctional Complex in Beaumont.

- RESTATE ORIGINAL CLAIMS WITH SUPPORTING LAW
  a. First EIP Denial (CARES Act, 26 U.S.C. § 6428)
  – Plaintiff timely filed a 2020 Form 1040; IRS paid second EIP, withheld first.
  – No private cause of action under CARES; APA allows review of final agency action (5
  U.S.C. § 704). *Melger v. U.S. Dep't of Treasury*, 872 F. Supp. 2d 944 (E.D. Cal. 2012).

b. Due Process and Equal Protection (Fifth Amendment)
– IRS deprived Plaintiff of property (EIP funds) without notice or hearing.
– Arbitrary deprivation violates *Mathews v. Eldridge*, 424 U.S. 319 (1976).

c. FOIA Claim (5 U.S.C. § 552)
– Plaintiff requested EIP-eligibility records; agency failed to respond within 20 days.
– Deadlines and fee-waiver standards under FOIA Improvement Act of 2016. *Jud. Watch, Inc. v.
Dep't of Commerce*, 91 F.3d 1368 (D.C. Cir. 1996).

d. Mootness Doctrine and Frivolous Suit Standards

1

– Mootness dismissal premature; exceptions apply (capable of repetition yet evading review, collateral consequences). *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982); *Iron Arrow v. Heckler*, 464 U.S. 67 (1983).

– "Frivolous" warning violates pro se due process. *Haines v. Kerner*, 404 U.S. 519 (1972).

- MOTION TO VACATE FINAL JUDGMENT AND REINSTATE ALL MOTIONS UNDER RULE 60(b)
  Pursuant to Fed. R. Civ. P. 60(b)(1)–(3) & (6), Plaintiff moves to vacate the Final Judgment and reinstate all motions and claims:
  – (b)(1) Mistake/inadvertence: Misapplication of mootness and summary-judgment standards.
  – (b)(2) Newly discovered evidence: IRS inspection confirmation of failure to evaluate EIP eligibility.
  – (b)(3) Fraud/misrepresentation: Defendants misled Court on standing and property interest.
  – (b)(6) Any other reason: To prevent injustice and uphold pro se rights.

- REQUEST DELETION OF "FRIVOLOUS" REMARK AND RESTORATION OF CLAIMS
  • The Court's "frivolous lawsuit" comment attacks Plaintiff's character and chills access to justice.
  • Plaintiff requests deletion under Fed. R. Civ. P. 60(a) as clerical error affecting the record.
  • Restore all dismissed motions (summary judgment, FOIA, APA petition) and claims to active status.

- PRAYER FOR RELIEF
  WHEREFORE, Plaintiff respectfully requests that the Court:

- Vacate and set aside the Final Judgment (Dkt. No. 28) under Fed. R. Civ. P. 60(b) and restore all motions and claims;

- Delete from the record the Court's "frivolous lawsuit" remark;

- Grant Plaintiff's summary-judgment motion on EIP denial, due process, FOIA, and APA claims;

- Issue a permanent injunction and writ of mandamus compelling EIP payment and FOIA disclosures;

- Award Plaintiff the total amount of relief sought in the original complaint, namely Four Hundred Trillion Dollars ($400,000,000,000,000.00);

- Award costs and fees under FOIA and the Equal Access to Justice Act; and

- Grant any other relief deemed just and proper.

Dated: June 19, 2025
Respectfully submitted,

/s/ David R. Pete
David R. Pete, pro se
~~123 Main Street, Apt. 4B~~ 6355 CHINN LN #2105
Beaumont, TX ~~77701~~ 77708
Dpete DAvco pete @ yAhoo.com

Ceul R Pete
6-20-2025